IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, | ) |
| | ) Civil Action No. 0:18-cv-03070-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Commissioner of Social Security | ) |
| Administration, Social Security | ) |
| Administrative Record, *Interested Party*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The matter before the court is *pro se* Plaintiff Eric Alan Sanders' Motion for Recusal pursuant to 28 U.S.C. § 455. (ECF No. 10.) Plaintiff alleges that the court has acted with discriminatory animus towards him, which mandates a recusal of the undersigned judge. For the reasons stated below, the court **DENIES** plaintiff's Motion for Recusal (ECF No. 10).

Under Section 455(a), a federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is unwarranted when an allegation of impartiality is "unsupported, irrational, or highly tenuous speculation" or because the presiding judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Section 455(b) further provides specific circumstances where recusal is mandated, including "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *Liteky v. United States*, 510 U.S. 540, 567 (1994). A party must provide compelling evidence to show bias or prejudice stemming from "an extra judicial source . . . other than what the judge learned from [her] participation in the case." *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *See also Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

1

Plaintiff preemptively "objects to the [c]ourt accepting the recommendation of the Magistrate [Judge] in Proper Form Order 7 [ECF No. 7] because the Magistrate [Judge] and District Judge should recuse themselves." (ECF No. 10 at 2.) Specifically, Plaintiff claims that the undersigned judge has "previously displayed discriminatory animus towards [his] mental disabilities and refused to accommodate his disabilities in proceedings before this [c]ourt." (*Id.* at 3.) For example, Plaintiff alleges that the undersigned judge "demonstrated an unreasonable refusal, despite the undisputed medical evidence and documentation on the record, to accept the severity or existence of [his] various mental disabilities . . . [by] us[ing] the words 'alleged' and 'allegedly' in their dictum . . . ." (*Id.* at 4.) Consequently, according to Plaintiff, "past rulings . . . concerning the same or similar material facts demonstrate [the undersigned judge's] inability to put aside bias and prejudice concerning [his] allegations of mental illness . . . ." (*Id.* at 5.)

The court finds that Plaintiff has failed to present any extrajudicial sources of bias or prejudice to support this motion and that he simply disagrees with the court's unfavorable rulings. *See Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.") Therefore, the court **DENIES** Plaintiff's Motion for Recusal (ECF No. 10).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 21, 2019
Columbia, South Carolina