# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, | ) |
|     Plaintiff, | ) Civil Action No. 0:18-cv-03070-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Commissioner of Social Security Administration, Social Security Administrative Record, *Interested Party*, | ) |
|     Defendants. | ) |

The matter before the court is *pro se* Plaintiff Eric Alan Sanders' Motion for Recusal pursuant to 28 U.S.C. § 455.[1] (ECF No. 20.) Plaintiff alleges that the court has acted with discriminatory animus towards him, and therefore a recusal is mandatory in this action. The court observes that the claims in the present motion are similar to the claims in Plaintiff's prior recusal motion (*See* ECF No. 10). For the reasons below, the court **DENIES** Plaintiff's Motion for Recusal (ECF No. 20).

Section 455(a) requires a federal judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is unreasonable when an allegation of impartiality is "unsupported, irrational, or highly tenuous speculation" or because the presiding judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Section 455(b) further provides specific circumstances where recusal is mandated, including

---

[1] The court observes that although Plaintiff's motion is entitled, "Objections to [ECF No. 13]; Renewed Objections to Proper Form [ECF No. 7]; Renewed Motions for Recusal Joined; [and] Motion to Amend Joined," his assertions focus exclusively on the issue of recusal under Section 455.

1

"[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *Liteky v. United States*, 510 U.S. 540, 567 (1994). A party must provide compelling evidence to show bias or prejudice stemming from "an extra judicial source . . . other than what the judge learned from [her] participation in the case." *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *See also Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Here, Plaintiff preemptively "objects to the [c]ourt accepting the recommendations of the Magistrate [Judge] in Proper Form Order 7 [ECF No. 7] and Order[2] [ECF No. 13] because the Magistrate [Judge] and District Judge should recuse themselves." (ECF No. 20 at 2.) Plaintiff points to the Code of Conduct for United States Judges to emphasize his allegations that the undersigned judge has "previously displayed discriminatory animus . . . in violation of Canon 3(C)(1) and Canon 3(C)(1)(e)." See Code of Conduct for United States Judges, effective March 12, 2019, reprinted at: https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges (explaining that the code "includes the ethical canons that apply to federal judges and provides guidance on the performance of official duties and engagement in a variety of outside activities.") Moreover, Plaintiff asserts that the undersigned judge has acted with discriminatory animus in Plaintiff's past actions before the court by "accepting the recommendation of the Magistrate [Judge], describe[ing] [his] inability to attend [a] deposition in person as 'dilatory behavior' [and] 'unmistakable . . . bad faith,' and 'persistent noncompliance.'" (ECF No. 20 at 4.) He also rehashes an earlier allegation (*See* ECF No. 10), asserting that the court has "used the words 'alleged' and 'allegedly' . . . to materialize . . . doubt of the existence and severity of Plaintiff's conditions." (*Id.* at 4-5.) Plaintiff claims that recusal is warranted because "[t]here is no

---

[2] The record shows that the order is "authorizing service of process by clerk and directing plaintiff to notify the clerk in writing of any change of address, [and] granting [ECF No. 4] Motion for Leave to Proceed *in forma pauperis*." (ECF No. 13.)

evidence that [the court's] discriminatory and negative perceptions of Plaintiff have or will significantly evolve . . . the [court's] high degree of antagonism towards . . . his undisputed diagnosis of various mental impairments . . . amounts to an expressed opinion concerning the merits of the particular case in controversy, violating Canon 3(C)(1)(e)." (*Id.* at 5.)

The court finds that Plaintiff proffers no extrajudicial sources of bias or prejudice in support of his allegations and simply disagrees with the court's unfavorable rulings in previous actions. *See Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.") Therefore, the court **DENIES** Plaintiff's Motion for Recusal (ECF No. 20).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 21, 2019
Columbia, South Carolina