# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, | Civil Action No. 0:18-cv-03070-JMC |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Commissioner of Social Security Administration, | |
| Defendant. | |

This action arises from the denial of *pro se* Plaintiff Eric Alan Sanders' application for social security benefits. (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), issued on May 31, 2019, recommending dismissal of Plaintiff's Motion to Sever (ECF No. 19) and renewed Motion to Sever (ECF No. 37). (ECF No. 48.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff timely filed objections to the Report on June 13, 2019. (ECF No. 63.) However, the objections lack specificity, asserting: "Plaintiff moves the [c]ourt to rejoin all claims severed . . . because Defendant has inserted the issue of the [c]ourt's jurisdiction over this claim and Plaintiff would be prejudiced if forced to prove jurisdiction without these claims being recognized by the [c]ourt." (*Id.* at 3.) In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. Here, the Magistrate Judge determined that:

> In [his] two motions to sever . . . Plaintiff clarifies that he wishes to raise separate civil claims against unnamed defendants (not the Social Security Administration), and to also raise claims pursuant to 42 U.S.C. §§ 1985 and 1986 . . . [t]he court agrees that these latter claims should be severed . . . [h]owever, Plaintiff states in his motions that he has not yet identified the defendants against whom he seeks to bring these claims . . . those claims should be dismissed from this action without prejudice, so that Plaintiff may raise these claims in a separate new lawsuit once he identifies proper defendants, if any.

(ECF No. 48 at 2.) After a thorough and careful review of the record, the court finds that neither contain clear error.

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 48) and **DISMISSES**, without prejudice, Plaintiff Eric Alan Sanders'

2

Motions to Sever (ECF Nos. 19, 37.)

**IT IS SO ORDERED.**

                                                    */s/ J. Michelle Childs*
                                                    United States District Judge

November 15, 2019
Columbia, South Carolina