# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | Civil Action No. 0:18-cv-03070-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

The matter before the court is *pro se* Plaintiff Eric Alan Sanders' Motion for Recusal pursuant to 28 U.S.C. § 455. (ECF No. 35.) Specifically, Plaintiff claims that the undersigned (1) has "previously displayed discriminatory animus towards [his] mental disabilities and refused to accommodate his disabilities in proceedings before the [c]ourt" and (2) "should be recused due to an ongoing confidential, extrajudicial matter that requires recusal." (*Id.* at 3, 5.)

Under Section 455(a), a federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is unwarranted when an allegation of impartiality is "unsupported, irrational, or highly tenuous speculation" or because the presiding judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Section 455(b) further provides specific circumstances where recusal is mandated, including "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *Liteky v. United States*, 510 U.S. 540, 567 (1994). A party must provide compelling evidence to show bias or prejudice stemming from "an extra judicial source . . . other than what the judge learned from [her] participation in the case." *United States v. Grinnel Corp.*, 384 U.S.

1

563, 583 (1966); *see also Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Here, Plaintiff points to previous court orders as evidence of animus and asserts that he "repeatedly docketed pleadings and experts opinions . . . documenting his diagnosis of various mental disabilities that substantially limited his ability to interact with others, especially in public places, to social phobia, panic attacks, and other symptoms of his mental disabilities[.] [I]n other words, Plaintiff refuted the notion that he was, in bad faith, refusing to obey the discovery orders of the [c]ourt." (ECF No. 35 at 3, 4 (citing *Sanders v. Family Dollar Stores, Inc.*, C/A No. 0:15-cv-00586-JMC).) Moreover, Plaintiff includes a footnote that states:

> [The undersigned], despite the abundance of medical evidence, also expressed doubt concerning Plaintiffs mental impairments by stating '[e]ven if the degree and severity of his impediments are substantiated by evidence . . .' Also, in Plaintiff's claim against [the undersigned] described Plaintiff's documented mental disabilities as him 'allegedly suffering from numerous mental impairments including bipolar disorder." [] [H]owever, interestingly enough, both judges do not refer to him as an '[alleged] African-American man . . .' There are no genetic tests on record or any objective evidence verifying Plaintiff's race, other than his own assertions. In researching, the Plaintiff cannot identity any case involving discrimination based on a protected trait wherein the victim is described as an 'alleged' man, an 'alleged' member of a religious group, of [sic] an 'alleged' national origin, etc. [*G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd.*, 822 F.3d 709 (4th Cir. 2016), *vacated and remanded*, 137 S. Ct. 1239 (2017)]. The [United States] Court of Appeals [for the Fourth Circuit] respectfully refers to Plaintiff in that case, whose 'biological sex' is female, as 'his' and as 'a transgender boy.' No mention of that Plaintiff being an 'alleged' boy or an 'alleged' transgender boy. Plaintiff demands to be treated with the same respect and dignity.

(ECF No. 35 at 4 n. 1 (citing *Sanders v. Wal-Mart Stores East LP*, C/A No. 1-14-cv-03509-JMC).)

The court finds that recusal is unwarranted in this action because Plaintiff failed to proffer any compelling extrajudicial sources of bias or prejudice, and that the allegations are based on irrational and highly tenuous speculation. *See Cherry*, 330 F.3d at 665; *see also Grinnel Corp.*, 384 U.S. at 583. Rather, it seems that Plaintiff simply disagrees with prior unfavorable rulings. *See Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) ("[W]hile recusal motions serve as an

important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.").

Therefore, the court **DENIES** Plaintiff Eric Alan Sanders' Motion for Recusal (ECF No. 35).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 17, 2020
Columbia, South Carolina