IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | Civil Action No. 0:18-cv-03070-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The matter before the court is *pro se* Plaintiff Eric Alan Sanders' Motion for Recusal pursuant to 28 U.S.C. § 455. (ECF No. 81.) Specifically, Plaintiff claims that recusal is warranted because (1) the undersigned has a personal bias against his religion, (2) "a judicial misconduct complaint . . . not related to this suit, is an extra-judicial source of personal bias"; and (3) "his pending civil rights suit against [the undersigned] require[es] disqualification." (*Id.* at 4–5.)

Under Section 455(a), a federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is unwarranted when an allegation of impartiality is "unsupported, irrational, or highly tenuous speculation" or because the presiding judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Section 455(b) further provides specific circumstances where recusal is mandated, including "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *Liteky v. United States*, 510 U.S. 540, 567 (1994). A party must provide compelling evidence to show bias or prejudice stemming from "an extra judicial source . . . other than what

1

the judge learned from [her] participation in the case." *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *see also Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

As to the claim that the undersigned is biased against his religion, Plaintiff contends:

[T]he [undersigned has] a personal bias concerning Plaintiffs religion. Plaintiff is a Christian who identifies with what's known in Christian circles as the 'Jewish Roots Movement' and in Jewish circles as the 'Noahide Movement.' Plaintiff observes the Sabbath, Jewish holidays, reads the weekly pasha or parshat [sic], etc. [] Plaintiff filed a Motion for Protective Order asking to be excused from making appearances on the following dates due to religious observance: (1) Sunday, September 29, 2019–Tuesday, October 1, 2019; (2) Tuesday, October 8, 2019–Wednesday, October 9, 2019; (3) Monday, October 14, 2019–Tuesday, October 15, 2019; (4) Sunday, October 20[,] 2019–Tuesday, October 22, 2019.

[The undersigned] responded in this case, by entering [ECF Nos. 67, 68, 69, and 72] on September 30, 2019[,] Rosh Hashanah, the day in which observant Jews believe [God] enters judgment concerning every human being for the entire year[.] The temporal proximity to Plaintiff's request for protective order, followed by the [undersigned] entering numerous orders requiring Plaintiff to file objections on dates (October 15, 2019 and October 17, 20 1 9 - Sukkot 2019) falling close to the dates mentioned in his protective order request, provides a reasonable basis for a reasonable basis to assume the [undersigned] harbors animus towards the Plaintiff based on his religion and the appearance of impartiality required for recusal.

(ECF No. 81 at 4–5.)

The court finds that Plaintiff fails to proffer any compelling evidence to prove extrajudicial sources of bias or prejudice regarding his religion, judicial misconduct complaint, nor the civil rights to support this Motion. *See Grinnel Corp.*, 384 U.S. at 583. Moreover, by mentioning the existence of a judicial misconduct complaint and a civil rights lawsuit, it appears that Plaintiff hopes to create circumstances that mandate recusal. (ECF No. 81 at 5.) However, the judicial misconduct complaint and civil rights lawsuit stem from prior recusal motions based on mere speculation. (*See, e.g.,* ECF Nos. 10, 20, 35, 46, 82, 83.) This circular logic does nothing to remedy a lack of compelling evidence showing extrajudicial sources of bias or prejudice. *See Cherry*, 330 F.3d at 665. Instead, it appears that Plaintiff merely disagrees with prior unfavorable rulings. *See*

2

*Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.")

Therefore, the court **DENIES** Plaintiff Eric Alan Sanders' Motion for Recusal (ECF No. 81).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 29, 2020
Columbia, South Carolina

3