# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, *on behalf of dependents SK Sanders, EA Sanders II, and ZM Gray-Sanders*, )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>Andrew M. Saul, Commissioner of Social Security Administration,    )<br>)<br>Defendant.    )<br>) | Civil Action No. 0:18-cv-03070-JMC<br><br><br><br><br>**ORDER** |

This action arises from *pro se* Plaintiff Eric Alan Sanders' application to the Social Security Administration seeking disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court grant the Commissioner's Motion to Dismiss (ECF No. 27) and dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF No. 69 at 7.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court

1

need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 20 at 1–26.) Plaintiff applied for DIB and SSI on June 1, 2015. (ECF No. 69 at 2.) The Social Security Administration denied Plaintiff's initial application and the subsequent request for reconsideration. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge, but when the Commissioner sent information about the hearing process, he "requested [the Commissioner] subpoena certain medical evidence and hold his hearing telephonically to accommodate his alleged impairments." (*Id.* (citing ECF No. 27-2 at 29–39).) Even after the Commissioner provided numerous notices and explanations to Plaintiff regarding the hearing process responded and his requests, Plaintiff refused to appear in person. (*Id.* at 2–3 (citing ECF No. 27-2 at 92–94).) The ALJ dismissed Plaintiff's hearing request for the following reasons:

> I have considered the factors set forth in 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2) and find there is no good cause for the claimant's failure to appear at the time and place of hearing. The claimant has refused to cooperate with the State agency's attempt to schedule a consultative examination, and with the Hearing Officer's attempt to schedule his hearing. The claimant has not provided any evidence to establish the extraordinary circumstances that would justify conducting the hearing via telephone, as there is no evidence of any mental health treatment or other treatment of any kind for approximately two years.
>
> Accordingly, the request for hearing dated April 14, 2016 is dismissed and the

determination dated January 27, 2016 remains in effect.

(*Id.* at 4–5.)   The Appeals Council denied Sanders's request for review on October 26, 2018, thereby rendering the decision of the ALJ to be the final decision of the Commissioner. (*Id.* at 3–4 (citing ECF No. 27-2 at 101–105).)

Here, the court finds that the Magistrate Judge correctly determined that the court does lacks subject matter jurisdiction to consider Plaintiff's Complaint. (ECF No. 69 at 7.) The Report provides the relevant sections in this regard:

> Section 405(g) of Title 42 provides, in pertinent part: Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> . . .
>
> Section 405(h) further discusses the finality of the Commissioner's decision as follows: The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

(ECF No. 69 at 4–5 (citing 42 U.S.C. § 405(g), (h)).)

The court finds that the Magistrate Judge correctly concluded that Plaintiff "has not obtained a final decision from the Commissioner of Social Security made after a hearing, and thus this court lacks subject matter jurisdiction to hear [his] claim." (ECF No. 69 at 5 (citing *Scott v. Colvin*, C/A No. 6:13-943-MGL-KFM, 2015 WL 500736, at *4 (D.S.C. Feb. 5, 2015).) Moreover, "[a]fter numerous notices and opportunities to appear at a hearing in person or by video teleconferencing, the ALJ ultimately dismissed Plaintiff's request for hearing when he failed to

appear at any of the scheduled hearings [and] [t]he ALJ further found that Sanders failed to show good cause for failing to appear. (*Id.* (citing 20 C.F.R. § 404.957(b)(1) (providing that an ALJ may dismiss a request for a hearing where the claimant has been notified that failure to appear at the scheduled hearing may result in dismissal of his request for hearing and good cause has not been found by the ALJ for the failure to appear).) Accordingly, "[b]ecause this is not a final decision of the Commissioner following a hearing, this court does not have jurisdiction over the present claim." (*Id.* at 5–6 (citing 42 U.S.C. § 405(g)); *Scott*, 2015 WL 500736, at *4; *Bond v. Soc. Sec. Admin.*, No. 4:13-cv-00046, 2014 WL 2215902, at *7 (W.D. Va. May 29, 2014)).)

Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 69) and **GRANTS** the Commissioner's Motion to Dismiss (ECF No. 27). Accordingly, the court **MOOTS** Plaintiff's remaining motions. (*See* ECF Nos. 80, 92.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 4, 2020
Columbia, South Carolina